BRANNON *v.* WRIGHT *et al.*

(*Nashville.*    December Term, 1904.)

1.  **GUARDIAN'S BOND.** Suit on, in name of ward.

    A suit on a guardian's bond may be maintained in a court of
    equity by a ward, after reaching his majority, in his own name;
    although the State is a proper party, and the correct practice
    is to bring the suit in the name of the State, for the use of the
    ward.

    Code cited : Sec. 4494 (S.).

    Cases cited:   Johnson v. Molsbee, 5 Lea, 444; Brandon v. Mason,
    1 Lea, 628.

2.  **SAME.** Sureties may be sued without principal.

    The sureties on a guardian's bond may be sued in an action on
    the bond, without joining the guardian.

    Code cited:   Secs. 4484, 4486 (S.); secs. 3484, 3486 (M. & V.);
    secs. 2787, 2789 (1858).

3.  **SAME.** Same. Proper practice.

    It is ordinarily the better practice to make the guardian a party
    along with the sureties, so that the amount of the liability may
    be properly fixed; but there is no reason for doing so where
    there is no dispute as to the amount, or as to the liability of the
    guardian who is dead and has no administrator, and whose es-
    tate is insolvent.

4.  **SAME.** Sureties may be sued without administration on estate
    of guardian.

    An action may be maintained against the sureties on the bond
    of a deceased guardian, without having an administrator ap-
    pointed upon the estate of the guardian.

Brannon v. Wright.

5. **SAME.** Principal need not be exhausted before going on
　sureties.
　It is not necessary that the estate of the guardian should be ex-
　hausted before going on the sureties on his bond.

FROM FENTRESS.

Appeal from the Chancery Court of Fentress County.
—D. L. LANSDEN, Chancellor.

EVANS & ROBERTS, for Brannon.

CONATSER & CASE and L. T. SMITH, for Wright *et al.*

MR. JUSTICE WILKES delivered the opinion of the
Court.

This bill is brought by the complainant against the
defendants as sureties upon a bond executed by the
guardian of complainant when he was a minor. The
guardian has died, and his estate is alleged to be insolv-
ent, and there is and has been no administration upon
it. The suit was brought by the ward after he reached
his majority, and against the sureties alone.

The chancellor gave judgment against the sureties
for the balance due the complainant, fixing the priori-
ties as between the several sets. The court of chancery
appeals affirmed the chancellor, and the sureties have
appealed to this court.

The only errors assigned in this court are that the complainant should have brought the suit against the sureties in the name of the State, and not in his own name, inasmuch as the guardian's bond is payable to the State, and not to the ward or beneficiary; again, that the suit is improperly brought against the sureties alone without joining the principal or guardian, and that their liability only arises after the exhaustion of the principal.

Both of these defenses were raised by demurrer in the court below, and were overruled.

We are of opinion that neither assignment is well made.

It is true that the State is made payee in all bonds of guardians, but the ward is the real beneficiary. The State has no interest in guardians' bonds, except to protect the rights of minors. It is not the case of an official bond for the performance of a duty in which the general public is interested. The State is a proper party, and the suit should be brought in its name for the use of the minor, but the failure to bring the suit in the name of the State is not fatal to its maintenance in a court of equity.

In *Johnson* v. *Molsbee*, 5 Lea, 444, this court said that in a court of law the question would be one of difficulty, but that for a long time it had been the practice to permit suits to be brought by the beneficiary in his own name in the chancery court upon the bonds of administrators.

See, also, *Brandon* v. *Mason*, 1 Lea, 628.

The beneficiary having arrived at his majority, and being the only party beneficially interested in the bond, it is not reversible error that the suit was brought in his name, and not in the name of the State.

We think it was not necessary that an administrator should have been appointed upon the estate of the guardian before the action was commenced or while suit was pending, nor was it necessary that the estate of the principal should be exhausted before going upon the sureties.

It is, of course, proper practice to make the guardian a party along with the sureties, and it is better to do so ordinarily, so that the amount of the liability may be properly fixed; but here the amount is not in dispute, and no question is made upon the merits as to the liability of the guardian, who is dead and has no administrator, and whose estate is in fact insolvent.

Our statute (Shannon's Code, sec. 4484), provides that all parties jointly and severally bound on the same instrument, including securities, makers, and indorsers, may—all or any part of them—be sued in the same action.

And to the same effect is section 4486.

See, also, as bearing upon both assignments, section 4494, which provides that for the breach of a guardian's bond the party aggrieved may, without assignment, bring suit thereon for his use, being liable for the costs.

We think it was proper for complainant to bring his

Brannon v. Wright.

suit against the sureties alone, without joining the principal, or against any one or more of the parties bound either as principal or sureties; and it is not reversible error that the suit, being in equity, is brought in the name of the beneficiary, and not in the name of the State for his use.

The decree of the court of chancery appeals is affirmed.