## EPPS *v.* WASHINGTON COUNTY.

### (*Nashville,* December Term, 1937.)

Opinion filed June 13, 1938.

J. H. EPPS, JR., of Johnson City, for appellant.

GUINN, MITCHELL & ERWIN, of Johnson City, and R. M. MAY, of Jonesboro, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant sued the County to recover $29,542.93 for services rendered in adjusting the claim of the County for reimbursement on highway expenditures as provided by chapter 23, Acts of 1927, chapter 59, Acts of 1931, and chapter 33, Acts Second Extra Session of 1931; and for $1500 for services rendered in litigation against

the County in the Circuit and Chancery Courts of Washington County.

The defendant demurred to the bill upon the ground that complainant cannot recover for services in connection with the reimbursement claim because it is not shown that he was employed by the quarterly court to perform that service, and further upon the ground that he cannot recover for services in defending suits against the County because the fees for such services are only allowable by the court wherein the service was rendered, as provided by subsection 1 of section 1059 of the Code. The chancellor overruled the demurrer and the County appealed.

It is shown by the bill, as amended, that complainant was elected County Attorney for Washington County at the January term, 1927, and each year thereafter until January, 1933, and it is stated that the services for which complainant claims compensation were rendered under his appointment as County Attorney. We are referred to no Act that fixes the compensation of County Attorney in Washington County and complainant's claim is dependent upon contract. The power of the quarterly court to employ counsel is limited by statutes which have been construed and applied in the cases of *Holtzclaw* v. *Hamilton County*, 101 Tenn., 338, 47 S. W., 421; *M'Henderson* v. *Anderson County*, 105 Tenn., 591, 59 S. W., 1016; *State ex rel.* v. *True*, 116 Tenn., 294, 313, 95 S. W., 1028. See *State* v. *Turnpike Co.*, 151 Tenn., 150, 268 S. W., 627; Code, sections 739 and 1059.

Referring to these authorities we find that the quarterly court has only such power and jurisdiction as are vested in it by statute and its action is not complete or effective to bind the county for any purpose until the rec-

ord evidencing action by the quarterly court has been made. The records of the court are held to be the sole witness of the proceedings to employ counsel and authorize a charge against the county to pay him compensation. The contract cannot be shown by parol evidence. The only record of complainant's employment by the quarterly court is that indicated by Exhibit "A" to his bill. That is an entry under the caption of "County Court, January Term, 1931" and it reads:

"Salary (or Retainer) and Election of County Attorney.

"On motion, duly seconded, and by unanimous vote of the Magistrates present, a quorum being present and voting, James H. Epps, Jr., was duly elected County Attorney for the ensuing term, and at the same time, his salary or retainer, was fixed at the same as heretofore, to-wit: the sum of $50.00 per annum, Mr. Epps being the only candidate for said position."

██ In ordinary legal parlance, retainer is the act of a client of engaging an attorney to manage a lawsuit. The order of the quarterly court above quoted which is the only evidence of the contract between complainant and defendant may be construed as the employment of defendant by the court to represent the county in litigated cases against it in which the compensation could be fixed as provided by Code, section 1059, or by a subsequent appropriation by the court.

But the order cannot be construed as having authorized the complainant to adjust any claim of the county under the Highway Reimbursement Act and burden the county with the charge of $29,542.93, for which complainant claims compensation.

By the Highway Reimbursement Act the State as-

sumed bonds issued by the several counties in aid of highway construction where the proceeds were expended in conjunction with the State or where the roads constructed by the county were made a part of the State highway system. The Act provided for a Reimbursement Board to adjust these claims of the counties, and counties were only required by the Act to submit a statement of their expenditures to the Department of Highways for verification.

■ ■ The complainant's retainer under the order quoted cannot be held either expressly or by implication to have contemplated service in connection with the Highway Reimbursement Act. The facts necessary to establish the claim of the county before the Highway Reimbursement Board were or should have been within the knowledge of the judge or chairman of the county court and the records thereof should have been under his control, and it was his duty as financial agent of the county to present the county's claim to the Reimbursement Board. If the judge or chairman of the county court was not competent to perform that service, he could not employ another to do so at the expense of the county without anthority of the quarterly court nor could the quarterly court do it except by order or resolution entered upon the minutes. No such order was entered.

It follows, therefore, that the trial judge erred in overruling so much of the demurrer as.is directed to complainant's claim of compensation for service before the State Reimbursement Board, and the chancellor's decree will be accordingly modified. Beyond that we find no error in the decree of the chancellor, and it is affirmed.