BOARD OF COM'RS OF UNION CITY *et al. v.* OBION COUNTY *et al.*

(*Jackson*, April Term, 1949.)

Opinion filed June 10, 1949.

HEATHCOCK & ELAM, Union City, for complainants.

MILES & MILES, Union City, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The bill in this cause was filed in the name of the Board of Commissioners of Union City and of the Board of Education of Union City, for the use and benefit of some, not all, of the elementary and high school teachers of the city schools, against Obion County and its county trustee, for the purpose of collecting a bonus from the defendants in an amount equal to that which the county,

through its quarterly county court, had paid to teachers in the county schools during the year 1947.

The Chancellor sustained a demurrer to the bill and complainants have appealed.

By motion questioning the authority to file the bill, it was made to appear that some of the city school teachers were unwilling to have their names used as complainants, or the bill filed for their use and benefit. It is admitted that the city schools are maintained as a branch of city government, entirely distinct from and independent of the county schools. There is no contract of employment or act of the legislature imposing an obligation upon the defendants to pay salaries or other compensation to those city school teachers for whose use and benefit this suit was brought and who are, therefore, the real complainants. Code Section 8619; *Kirby* v. *Kirby*, 185 Tenn. 408, 413, 206 S. W. (2d) 404.

It appears from the bill that in 1947, the county court of Obion County effected payment of a $200 bonus to teachers in the county schools by directing the County Trustee to transfer money from the ''General Fund'' to the ''School Fund'' and disburse the bonus checks from the latter fund. Complainants insist that under Code Sections 2412 and 2348(5) when the transfer was made from the ''General Fund'' to the ''School Fund'', that the city elementary school fund was entitled to share in the augmentation of the county elementary school fund in an amount reckoned on average daily attendance, in accordance with the aforesaid Code provisions. Then the bill alleges in paragraph five that,

''The Board of Commissioners of Union City and the Board of Education of Union City feel that the aforesaid sum of money due to be received by them or either of

them in the proper distribution of such funds should be used for the payment of a bonus to the teachers in the Union City Schools. . . ."

So it is clear from the statements of the bill, that the real complainants allege no claim of right against the defendants for the payment of the bonus sought, and that if for argument only, we admit that the city elementary school fund is to be augmented under the provisions of Code Sections 2412 and 2348(5), that even the payment of the bonus to the complainants would not be a matter of right or legal obligation, but a gift without consideration made to them by the city school board.

In a supplemental brief complainants have analyzed and cited at length an unpublished opinion of the Court of Appeals, *State ex rel. Mayor & Aldermen, etc.,* v. *Madison County et al.*[1] (1937), *certiorari* denied by this court June 17, 1937. Aside from the fact that the opinion was unpublished, and so not to be taken as general authority, *Phoenix Cotton Oil Co.* v. *Royal Indemnity Co.,* 140 Tenn. 438, 442, 205 S. W. 128, that case is clearly distinguishable on elementary and essential facts from the record now before us. It there appeared that Madison County had issued certain elementary school warrants for valid school purposes in anticipation of certain revenue which did not come to hand. After the passage of the General Education Bill of 1925, and Sections 2348 (5) and 2412 of the Code of 1932, the county issued bonds pledging taxes levied on Madison County land, including that in Jackson, for the payment of the bonds. The Court of Appeals held that the proceeds of these bonds which were issued to augment the

[1]No opinion for publication.

county elementary school funds, were to be distributed by the County Trustee under the provisions of the Code, to the school boards of both the city and the county on the basis of average daily attendance.

We have no such situation in the present case. The "General Fund" of Obion County, which was diverted by the Court to pay the bonus to county teachers, had been levied and collected for specific county purposes other than the bonus, and was in the hands of the County Trustee at the time of the passage of the resolution in the county court.

The mere fact that by the resolution, the money was passed through the elementary school fund prior to its disbursement to the teachers did not change the nature of the money or make it legally a part of the elementary school fund. It was and remained a part of the county's "General Fund," which by an unauthorized and *ultra vires* resolution of the county court, was diverted from the legitimate purpose for which the county taxes which made it up, had been levied and collected.

"The taxpayers of every county have the right to know for what purpose they are being taxed, and also to know that taxes collected from them or any specific purpose are applied to such purpose, and not to some other, at the discretion of county officials, . . ." *Kennedy & Munford* v. *Montgomery County*, 98 Tenn. 165, 179, 38 S. W. 1075, 1079.

To the same effect are *State ex rel.* v. *Pollard*, 124 Tenn. 127, 135, 136 S. W. 427; *Robbins* v. *Phillips*, 175 Tenn. 568, 574, 136 S. W. (2d) 507; *Southern* v. *Beeler*, 183 Tenn. 272, 297, 195 S. W. (2d) 857.

The fact that the county court made an unauthorized gift of county funds to the county school teachers,

can be no basis for complainants to demand that a court of equity decree a further unauthorized raid on the county treasury for their benefit.

We hold that the Chancellor correctly sustained the demurrer and dismissed the bill, because the bill shows on its face that neither the County of Obion, J. H. Shore, Trustee, nor any of the other defendants are legally indebted to the complainants or those for whom said suit is brought, and because neither the County of Obion nor any of its officers, servants or agents are legally authorized to give away either the school or other public funds belonging to the County of Obion or the State of Tennessee.

We find it unnecessary to consider the validity of the other grounds of the demurrer, since what we have said disposes of the appeal.

Decree affirmed at appellants' cost.

All concur.