SOUTHERN RY. CO *v.* HAMBLEN COUNTY *et al.*

(*Knoxville,* September Term, 1948.)

(May Session, 1949.)

Opinion filed July 2, 1949.

JOHN R. KING, of Morristown, SUSONG, PARVIN, FRAKER & ROGAN, of Greeneville, for complainant.

S. J. ANDERSON and C. FRANK DAVIS, Morristown, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In this cause the complainant Southern Railway filed its original bill against Hamblen County, W. D. Carver, County Trustee, and Jim Shorter, a Constable of Hamblen County, on July 31, 1945, to have two special tax levies theretofore made by the Quarterly County Court of Hamblen County, declared illegal and void, and further, to enjoin the defendants from further proceeding to collect taxes on said levies by distress warrant and otherwise. Upon the filing of the bill, a temporary injunction issued restraining defendants from proceeding to collect the taxes by distress warrant and execution.

The defendants demurred to the bill and after the demurrer was overruled, the final hearing was had on evidence and argument, and thereafter the Chancellor found and decreed as follows:

(1) On July 5, 1943, the Quarterly County Court of Hamblen County undertook to make a tax levy of 10 cents on each $100 of taxable property "for the repair and maintenance of public buildings owned by Hamblen County."

(2) At the January term, 1944, the Quarterly Court undertook to amend that previous levy so as to make it "for the maintenance and repair of the elementary school buildings owned by Hamblen County, Tennessee."

(3) That there was no item in the elementary school budget submitted by the County Superintendent of Schools and approved by the Quarterly Court for said year to support said levy.

(4) That on July 3, 1944, the Quarterly Court undertook to make a tax levy of 5 cents on each $100 of taxable property "for building and repairing the elementary schools of the County." That there was no item in the elementary school budget submitted by the County Superintendent of Schools and approved by the Quarterly Court to support said levy.

(5) That at the time of making the levies Hamblen County and the Hamblen County School Board were indebted to the Sinking Fund Commissioners of Hamblen County for money borrowed to start the construction of a new school building. That the funds derived from the special levies were applied to payment of this indebtness. That the levies were not made for the purpose stated in the levies, but to provide funds to pay warrants held by the Sinking Fund.

(6) That two special levies of July 5, 1943, and July 3, 1944, were for the reasons stated, illegal and void, and that the injuction prayed was granted and made permanent.

Defendants have perfected appeal and assigned numerous errors, but the essential questions presented are:

(1) Whether, as a taxpayer, complainant may maintain the bill and enjoin the County Tax Collecting authorities;

(2) Whether the two special levies as found by the Chancellor were illegal and void.

Since only County revenue is involved and since under the allegations and proof the special levies

assailed were void and illegal, complainant was entitled to relief by the method used to secure it. *Colburn* v. *Chattanooga*, 2 Shan. Cas. 22; *Kennedy* v. *Montgomery County*, 98 Tenn. 165, 38 S. W. 1075; *Patton* v. *Chattanooga*, 108 Tenn. 197, 222, 65 S. W. 414; *Reams* v. *Board of Mayor & Aldermen of McMinnville*, 155 Tenn. 222, 225, 291 S. W. 1067; *State ex rel.* v. *American Glanzstoff Corp.*, 167 Tenn. 597, 601, 72 S. W. (2d) 775.

The evidence was conclusive as found by the Chancellor, that whereas the levy of the County Court purported to be for elementary schools, that the levy was in fact for the repayment of certain funds to the Sinking Fund of the County.

"The taxpayers of every county have the right to know for what purpose they are being taxed, and also to know that taxes collected from them for any specific purpose are applied to such purpose, and not to some other, at the discretion of county officials, and according to their ideas of public policy or expediency." *Kennedy* v. *Montgomery County*, 98 Tenn. 165, 179, 38 S. W. 1075, 1079; *Kyle* v. *Cooley et al.*, 170 Tenn. 547, 549, 98 S. W. (2d) 85; *Board of Commissioners of Union City et al.* v. *Obion County et al.*, 188 Tenn. 666, 222 S. W. (2d) 7.

In our view, it is immaterial whether the elementary school budget was required to contain an item covering the levies assailed, since we hold that the levies were void because not made by the County Court in compliance with the foregoing rule stated from *Kennedy* v. *Montgomery County, supra*.

We further find the Chancellor justified on the evidence in decreeing that there had been no substantial compliance with that rule, and that in fact the taxes

raised were not designed to be used for the purpose stated in the levy by the County Court.

All assignments of error are overruled and the decree is in all respects affirmed at the cost of the appellants.

All concur.