SOUTHERN RAILWAY COMPANY,
Plaintiff-Appellant,

v.

FOOTE MINERAL COMPANY,
Defendant-Appellee.

SOUTHERN RAILWAY COMPANY,
Plaintiff-Appellee,

v.

FOOTE MINERAL COMPANY,
Defendant-Appellant.

Nos. 17393–17394.

United States Court of Appeals
Sixth Circuit.

Sept. 20, 1967.

Clyde W. Key, Knoxville, Tenn., for Southern Railway.

J. H. Doughty, Knoxville, Tenn., for Foote Mineral, Hodges, Doughty & Carson, Knoxville, Tenn., of counsel.

Before PHILLIPS, EDWARDS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

A railroad switchman was killed by a large rock which fell from an overhead conveyor belt while a railroad car was passing underneath the conveyor. The conveyor belt was maintained by Foote Mineral Company (Foote) as a part of its operation of a lime producing plant, which was served by three industrial tracks connected with the railroad's main line.

The railroad company (Southern) paid $50,000 to the estate of its deceased employee in compromise of a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., giving Foote advance notice of the settlement. Southern thereupon sued Foote for indemnity under the common law of Tennessee and also under a contract of indemnity, or in the alternative for contribution. The District Court submitted the case to the jury, which returned a verdict in favor of Southern and against Foote for $27,000, affirmatively holding that both Southern and Foote were guilty of active negligence. Both parties have appealed, Southern contending that it is entitled to recover the entire $50,000 and Foote claiming that it owes nothing.

Foote owned a rock quarry located on one side of the industrial tracks and some storage bins located on the opposite side of one of the tracks, with an overhead conveyor leading from the quarry to the bins. The conveyor in question was more than 200 feet in length, was approximately thirty-five feet above the industrial track, and rose from the crusher to the storage bins at an angle of about forty degrees. The conveyor had a "sideboard" about two feet high on one side, but no sideboard or protection on the other side to prevent rocks from falling onto the industrial track below.

At the time of the fatal accident, a locomotive was pushing three cars along the track under the conveyor. The switchman was riding on the engineer's

**226**

side of the lead car in order to give signals to the engineer. When the lead car passed under the conveyor, a rock described as about the size of a bathroom wastebasket fell from the conveyor belt and struck the switchman on the head, inflicting fatal injuries.

Jurisdiction is based upon diversity of citizenship. Tennessee law controls.

## I.

The District Judge, the Honorable Robert L. Taylor, overruled motions by both parties for directed verdicts and for judgment notwithstanding the verdict.

On the issue of the liabilities of the parties under the Tennessee law of indemnity and contribution, the District Judge charged the jury as follows:

"Under the Tennessee law a person who is held liable for negligence to one party may be indemnified or may recover indemnity in the amount of his liability from a third party, if he establishes that the third party is also guilty of negligence proximately causing or contributing to the cause of the accident, and that the negligence of the third party was active negligence while his own negligence was only passive.

"That means if the jury finds that the Southern Railway Company was only guilty of passive negligence that caused this unfortunate accident and that the Foote Mineral Company was guilty of active negligence and that active negligence of the Foote Mineral Company was the proximate cause of this death, the Southern Railway Company would be entitled to be indemnified for the full amount that it paid to the Williams estate.

"Where more than one person participates in a wrongful act in differing degrees, that is, where one has been guilty of positive or active negligence, and the other has been guilty of only passive negligence, if compelled to pay damages to an injured third party, [he] may recover what is known as indemnity for the amount of his liability from the person guilty of active negligence.

\* \* \* \* \* \* \*

"An indemnity of active-passive negligence situation may be presented where one party makes or creates the conditions that cause damage, and the other party merely fails to detect or remedy such condition or such a dangerous situation that caused the accident and resulting injuries or death.

"If Southern was guilty of negligence which proximately caused or contributed to the cause of the accident in this case, but such negligence was only passive negligence, Southern could recover indemnity against Foote if the latter were guilty of positive or active negligence which proximately caused or contributed to the cause of the accident.

"On the other hand, if you find that Southern was guilty of positive or active negligence, then it could not recover indemnity against Foote—that is, it could not be reimbursed in full against Foote. Similarly, if you find that Southern was guilty of gross negligence then it would not be entitled to indemnity against Foote.

"With regard to the alternative claim of Southern for contribution, the law of Tennessee provides that where one or more persons are jointly involved in a wrong which is not necessarily or ordinarily unlawful (in the sense of being criminal), one who acted without moral guilt or wrongful intent in the commission of the act, and who is called upon to respond in damages by reason of his participation in the act, may recover what is known as contribution for his portion of his liability from a third party if he can establish that the third party was guilty of negligence proximately causing or contributing to the cause of the accident under such circumstances that they were jointly responsible for the accident.

\* \* \* \* \* \* \*

"If both were guilty of active negligence and the joint active proximate negligence caused the accident, then Southern would be entitled to recover

only contribution against the Foote Mineral Company. The jury would have to say what part or what portion of that which it paid it would be entitled to from Foote.

"Contribution, as distinguished from indemnity, may be recovered in such situations even if the party seeking it was guilty of positive or active negligence, provided it appears that the negligence of both parties proximately caused or contributed to the cause of the accident and that both parties were jointly responsible therefor. However, as in the case of indemnity, there can be no recovery of contribution if the party seeking it was guilty of gross negligence.

"In the present case, if you should find that the acts alleged to have caused the death of Williams were not necessarily or ordinarily unlawful and if you find that the Southern acted without moral guilt or wrongful intent in the commission of its part in the alleged accident and if you should find that both Southern and Foote were liable to the Williams' estate in damages, then Southern would be entitled to contribution if you find that Foote participated in the wrongful act that caused the death of Williams in such a manner as to be jointly responsible therefor with Southern.

"In summary, Southern contends that its negligence that rendered it liable to the Williams' estate was passive while the negligence of Foote was active, so that Southern is entitled to recover indemnity from Foote, or in the alternative Southern contends that any negligence on its part, even if positive or active, so as to prevent recovery of indemnity, concurred and operated together with the negligence on the part of Foote so that it (Southern) and Foote were jointly responsible for the accident and that Southern is entitled to either indemnity or contribution from Foote.

"That is a question which the jury, the paramount question which the jury will have to decide in this case."

Judge Taylor further charged the jury that Foote would not be liable if the jury found that it was guilty of only passive negligence or that it was not guilty of any negligence.

■ We find the foregoing charge of the District Judge to be a correct statement of Tennessee law. See opinion of Chief Justice Grafton Green in the leading case of Cohen v. Noel, 165 Tenn. 600, 56 S.W.2d 744. See also American Cas. Co. v. Billingsley, 195 Tenn. 448, 260 S.W.2d 173; Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355; Graham v. Miller, 182 Tenn. 434, 187 S.W.2d 622; Huggins v. Graves, 210 F.Supp. 98 (E.D.Tenn.), aff'd, 337 F.2d 486 (C.A.6).

■ The jury, in returning its verdict of $27,000 against Foote, announced that it found both Foote and Southern guilty of active negligence. We hold that the record contains evidence supporting the verdict of the jury as to the active negligence of both parties. The record shows that Foote maintained and operated the overhead conveyor belt without a sideboard or appurtenance on the side from which the rock fell, fatally injuring the switchman. Further, Foote operated the conveyor while railroad employees were underneath in the proper discharge of their duties. The record discloses that Southern was cognizant of the danger involved in the operation of the conveyor but did not attempt to alleviate it. There was evidence that in former years Southern did not switch trains beneath the conveyor when it was in operation, but that this practice had been discontinued by Southern. There also was evidence that both parties knew that rocks had fallen from the conveyor on previous occasions.

## II.

Foote contends that it was under no common burden or liability with Southern, in that the liability of Southern to the estate of its deceased switchman is controlled by the Federal Employers' Liability Act, whereas any liability of Foote would be controlled by the com-

mon law. Contending that the showing of a common burden or liability is necessary to invoke the equitable doctrine of contribution, Foote relies upon the decision of the Supreme Court of Tennessee in Vaughn v. Gill, 264 S.W.2d 805. This opinion was first designated for publication, but the designation thereafter was withdrawn. This opinion is not published in the official Tennessee Reports, presumably at the direction of the Supreme Court of Tennessee. Neither is it published in Tennessee Decisions. This opinion has been criticized severely. See Huggins v. Graves, supra, 210 F.Supp. 98 (E.D.Tenn.), aff'd, 337 F.2d 486 (C.A.6); Wade, Restitution—1954 Tennessee Survey, 7 Vand.L.Rev. 941, 948–50; Sturdivant, Joint Tort Feasors in Tennessee and the New Third-party Statute, 9 Vand.L.Rev. 69, 74–76.

■ The withdrawal of this opinion from official publication places it in the same status as any other unpublished opinion of the Supreme Court of Tennessee. Under Tennessee law, an unpublished opinion of the Supreme Court of that State is merely the opinion of the judge who filed it and is binding only upon the parties to that particular litigation. The Supreme Court of Tennessee does not encourage the citing of the unpublished opinions of its members. Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 443, 205 S.W. 2d 128. See also Board of Commissioners of Union City v. Obion County, 188 Tenn. 666, 669, 222 S.W.2d 7; Ford v. State, 184 Tenn. 443, 454, 201 S.W.2d 539. Kobbe v. Harriman Land Co., 139 Tenn. 251, 201 S.W. 762.

■ Since Vaughn v. Gill now has the status of an unpublished opinion and would not be treated as a binding precedent by the Supreme Court of Tennessee, "it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court." King v. Order of United Commercial Travelers, 333 U.S. 153, 161, 68 S.Ct. 488, 493, 92 L.Ed. 608, rehearing denied, 333 U.S. 878, 68 S.Ct. 900, 92 L. Ed. 1153.

■ Further, even if the "common burden" or "common liability" requirement does exist in Tennessee, we hold that there was a common burden and a common liability under the facts of the present case. Both Foote and Southern were under the burden to refrain from negligently injuring the railroad switchman whom the jury found to have died as a result of the active negligence of both parties. This common burden is not altered by the fact that the liability of Southern is prescribed by the Federal Employers' Liability Act and the liability of Foote is controlled by common law. Chicago, R. I. & P. R. Co. v. Chicago & N. W. Ry. Co., 280 F.2d 110 (C.A.8), cert. denied, 364 U.S. 931, 81 S.Ct. 378, 5 L.Ed.2d 364.

### III.

■ Southern contends that it is entitled to recover the entire $50,000 from Foote under the terms of an indemnity agreement executed between Southern and Foote's predecessor in interest. This same agreement has been construed by this court in Brogdon v. Southern Railway Co., 384 F.2d 220 (September 8, 1967) (C.A.6), as saving Southern harmless only from the negligence of Foote and not from Southern's own negligence. Since the jury held Southern to have been guilty of active negligence for the reasons hereinabove stated, we hold that Southern cannot recover under this indemnity agreement for the results of its own negligence.

We therefore hold that the case is controlled by the Tennessee case law of indemnity and contribution, that the District Court correctly submitted the issues to the jury under proper instructions, and that the verdict of the jury is supported by competent evidence.

Affirmed.