Charles E. HOLLIFIELD, Plaintiff,

v.

Bobby McMAHAN et al., Defendants.

No. CIV–2–76–145.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 14, 1976.

See also D.C., 438 F.Supp. 591.

Steven E. Lane, Witt, Waters, Webb & Lane, Knoxville, Tenn., for plaintiff.

John F. Dugger, Bacon, Dugger & Jessee, Morristown, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action against a Tennessee sheriff and certain individual members of the Hamblen County, Tennessee Quarterly Court for money damages and equitable relief in redress of the plaintiff's federally-protected civil rights. 28 U.S.C. § 1343(3). The defendant members of such court moved for a dismissal for the plaintiff's failure to state a claim against them upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. The plaintiff failed to make a timely response to such motion, local Rule 12(b), and thus is deemed to have waived any opposition thereto. Local Rule 11(f).

The thrust of the plaintiff's claim herein is that he was improperly discharged from his position as a deputy sheriff of the aforementioned county by the defendant sheriff. Specifically, it is averred that the reason for such termination of his employment was because he neither " * * * worked for [nor] supported the defendant [sheriff] in his election bid. * * * " It is further charged by the plaintiff that the subject of his discharge was placed on the agenda of

the Hamblen County, Tennessee quarterly court, and said Court " * * * heard the plaintiff's request for reinstatement with back pay * * * [but] * * * the Court refused to consider or take any action on the matter. * * * " There is no allegation that any of the defendants who are members of such Court participated in the plaintiff's dismissal, directly, conspiratorily, or otherwise. Furthermore, the plaintiff makes no claim that these defendants' conduct occurred in any manner other than in their official capacities as members of such Court. Thus, the only allegation against the moving defendants is that they, in their official capacities, failed to take affirmative action at a meeting of the fiscal Court to reinstate him with back pay to his former position as a deputy sheriff.

A Tennessee " * * * county court, whether quorum or quarterly, has only such powers and jurisdiction as are vested in it by statute. * * * " Mosier v. Thompson (1965), 216 Tenn. 665, 393 S.W.2d 734, 735[2]; accord: Robbins v. Phillips (1940), 175 Tenn. 568, 136 S.W.2d 507, 509[2]; Epps v. Washington County (1938), 173 Tenn. 373, 117 S.W.2d 749, 750[1]. Since those entities are created by the Tennessee Legislature, see T.C.A. § 16–701, " * * * the[ir] powers * * * emanate from the Legislature alone; hence when a power claimed for them is not conferred it must be held not to exist. * * * " Wright v. State (1937), 171 Tenn. 628, 106 S.W.2d 866, 869[2].

■ The appointment of deputies sheriff in Tennessee has been delegated to the sheriff of the county involved. T.C.A. § 8–2001, et seq. Similarly, the power to terminate the employment of such persons is vested in the sheriff by the common law. Crooms v. Reichman, C.C.A.Tenn. (19—), 8 Higgins 86, 90(6), affirmed (1918); see and cf. also Metropolitan Gov. of Nashville & Davidson County v. Poe (1964), 215 Tenn. 53, 383 S.W.2d 265, 275[7]. The Tennessee Legislature, however, apparently has not conferred upon the Hamblen County quarterly court or any other such court the power to supervise or control the hiring and firing practices of a sheriff.[1] Accordingly, the moving defendants lacked power to reinstate the plaintiff or to award him back pay, regardless of the propriety of his discharge by the sheriff. Any attempt to do so would have been void and without legal effect. See e. g., Epps v. Washington County, supra. It follows that their failure to take such affirmative action could not have resulted in any deprivation of any federally-protected civil right of the plaintiff.[2]

■ To the extent that the plaintiff may be seeking to hold such members liable herein under the doctrine of respondeat superior for having appointed the defendant sheriff to such position pursuant to the Tennessee Constitution, article VII, section I, his claim likewise must fail. Moore v. Buckles, D.C.Tenn. (1975), 404 F.Supp. 1382, 1384[3].

For the foregoing reasons, the defendants' motion hereby is GRANTED and as to the defendants who are members of the Hamblen County, Tennessee quarterly court, this action hereby is DISMISSED for failure of the plaintiff to state a claim against them upon which relief can be granted.[3]

---

1. The Hamblen County quarterly court has not adopted the County Sheriff's Civil Service Law of 1974, T.C.A. §§ 8–840, et seq.

2. The Court is not aware of any federal right of the plaintiff to require such defendants to act illegally and beyond their jurisdiction.

3. Such disposition renders the plaintiff's claim of conspiracy under 42 U.S.C. § 1985(3) improper and thus MOOT, since the remaining defendant " * * * could not conspire with [him]self in violation of this statute. * * * " Jones v. Tennessee Eastman Company, D.C. Tenn. (1974), 397 F.Supp. 815, 816[4], affirmed C.A. 6th (1975), 519 F.2d 1402 (table).