**Karah Marie FRENCH, a minor who by sues Earl PICKARD, her next friend,**

v.

**J. Robert WILGUS and Bache Halsey Stuart Shields, Inc., and Prudential-Bache Securities, Inc.**

No. 3–89–0936.

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 6, 1990.

**435**

tiff does not seek an independent recovery from the defendants based upon § 17(a) of the Securities Act of 1933. Because the plaintiff does not bring a claim pursuant to § 17(a) of the Securities Act of 1933, the Court can not dismiss such a claim and therefore the defendants' motion to dismiss is DENIED.

## II. *Tennessee Consumer Protection Act*

The defendants move to dismiss the plaintiff's claim under the Tennessee Consumer Protection Act, T.C.A. § 47–18–101 *et seq.* The defendants rely entirely upon *Nichols v. Merrill Lynch, Pierce, Fenner & Smith,* 706 F.Supp. 1309 (M.D.Tenn. 1989), and this Court's previous ruling to support their contention that the plaintiff's claim under the Tennessee Consumer Protection Act should be dismissed.

In deciding *Nichols,* Judge Higgins wrote that the Tennessee Supreme Court, if it were to confront the issue, would hold that the Tennessee Consumer Protection Act does not apply to securities. 706 F.Supp at 1325. Relying in part upon *Nichols,* this Court dismissed the plaintiff's claim under the Tennessee Consumer Protection Act from the plaintiff's original complaint.

The plaintiff responds to the defendant's reliance on *Nichols* and this Court's previous decision with two arguments. First, the plaintiff argues that a Tennessee court recently interpreted the Tennessee Consumer Protection Act in such an expansive way as to cast doubt upon both the *Nichols* decision and this Court's previous decision concerning the Tennessee Consumer Protection Act's applicability to securities. Second, the plaintiff contends that *Nichols* and this Court's previous ruling can be distinguished from the amended complaint. Each of these arguments will be considered in turn.

a. The Plaintiff's Argument that a Recent Tennessee Court Opinion Evidences Tennessee's Intent to Make the Tennessee Consumer Protection Act Applicable to Securities

■ The defendant moves for dismissal of the plaintiff's Tennessee Consumer Pro-

Gregory D. Smith, William S. Walton, Dearborn & Ewing, Nashville, Tenn., for plaintiffs.

Richard Lodge, J. Dale Wainwright, Bass, Berry & Sims, Nashville, Tenn., Roger Reid Street, Jr., Franklin, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court are the Bache Halsey Stuart Shields, Inc., and the Prudential Bache Securities, Inc., defendants' 12(b)(6) motion to dismiss the plaintiff's causes of action brought pursuant to § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and the Tennessee Consumer Protection Act, T.C.A. § 47–18–101 *et seq.* from the plaintiff's amended complaint.

## DISCUSSION

I. *§ 17(a) of the Securities Act of 1933*

■ The defendants move for a dismissal of the plaintiff's claims brought pursuant to § 17(a) of the Securities Act of 1933. In response to the defendants' motion to dismiss, the plaintiff asserts that the plain-

tection Act claims based upon the *Nichols* decision and this Court's previous ruling dismissing the plaintiff's Tennessee Consumer Protection Act claims.

The plaintiff, however, argues that the claims should not be dismissed for failure to state a claim because since the decision in *Nichols* and the ruling by this Court, a Tennessee court has held that the Tennessee Consumer Protection Act covers transactions involving securities.

Indeed, both the *Nichols'* court and this Court have indicated that a definitive decision by a Tennessee court that the Tennessee Consumer Protection Act applied to securities might alter the interpretation of the Tennessee Consumer Protection Act's scope of coverage. In *Nichols*, Judge Higgins wrote that "[i]t should hardly be necessary to say that the Tennessee Supreme Court is not bound by the decisions of the courts of any sister state. It can place Tennessee in a minority of one if it wishes." Likewise, this Court, in its previous decision dismissing the plaintiff's Tennessee Consumer Protection Act claim, stated:

> Tennessee is not bound by federal court interpretation of state law. Tennessee could apply its consumer protection statutes to the securities field. However, the plaintiff has not cited to any Tennessee authority that suggests to this Court that Tennessee does not share in the majority view that general consumer protection statutes do not regulate the securities area.

The Tennessee state case to which the plaintiff cites is *William Davidson et al. v. Davidson Corporation et al.*, Docket Number 88–2265–II, which was decided by the Chancery Court for Davidson County. In *Davidson*, Chancellor High denied a motion to dismiss the defendants' counterclaims which alleged that the plaintiffs had violated the Tennessee Consumer Protection Act in the sale of Securities. Chancellor High implicitly rejected the holding in *Nichols* and the decision of this Court by stating

> The sellers have moved for summary judgment claiming ... (2) the Tennessee

Consumer Protection Act, T.C.A. § 47–18–101 *et seq.* does not apply to the sale of securities ...

> The language of the Tennessee Consumer Protection Act appears to be broad enough to cover the sale of Securities. Plaintiffs have failed at this point to carry the burden of showing the transaction is exempt from the act.

The *Davidson* opinion is neither definitive nor persuasive authority. It is not definitive because it is not an opinion of the Tennessee Supreme Court. Similarly, it is not definitive because it is an interim ruling made upon a motion for summary judgment. Chancellor High merely ruled that the plaintiffs had not carried their burden of proof. The *Davidson* opinion is not persuasive because it is unpublished. The Sixth Circuit Court of Appeals has cautioned against using unpublished Tennessee opinions for their precedential value. In *Southern Railway Company v. Foote Mineral Company*, 384 F.2d 224 (6th Cir. 1967), the Sixth Circuit held:

> Under Tennessee law, an unpublished opinion of the Supreme Court of [Tennessee] is merely the opinion of the judge who filed it and is binding only upon the parties to that particular litigation. The Supreme of Tennessee does not encourage the citing of the unpublished opinions of its members ...
>
> [If an unpublished decision] would not be treated as a binding precedent by the Supreme Court of Tennessee, 'it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court.' (citations omitted)

The *Davidson* opinion is not the type of authority which mandates a reconsideration of the *Nichols* opinion or this Court's previous ruling.

b. The Plaintiff's Argument that the Amended Complaint Contains Additional Facts Sufficient to State a Cause of Action Under the Tennessee Consumer Protection Act Despite the Nichols Decision and this Court's Previous Ruling

■ Relying on this Court's previous ruling and the *Nichols* decision, the defen-

dants argue that the plaintiff's Tennessee Consumer Protection Act claim must be dismissed from the plaintiff's amended complaint.

The plaintiff argues that although the *Nichols* decision and this Court's prior ruling hold that the Tennessee Consumer Protection Act does not extend to securities transactions, the *Nichols* decision and this Court's prior ruling do not preclude the plaintiff's reliance on the Tennessee Consumer Protection Act because the amended complaint shows that this cause of action is not based upon a securities transaction, but rather that the defendants fraudulently converted the plaintiff's funds.

In the original complaint the plaintiff was merely alleging that the defendants promised to invest the plaintiff's money in safe and stable investments, but that the defendants really engaged in a series of frequent, speculative, and risky investments that increased commissions of the defendants to the detriment of the plaintiff. Thus, the plaintiff was essentially complaining of churning, misrepresentation, and failure to disclose material information in the purchase and sale of securities. In the amended complaint, however, the plaintiff is alleging that the defendants used misrepresentations to cause the plaintiff, an uneducated consumer, to wire custodial funds into the defendant Wilgus' personal account and that the defendant Wilgus did not use the funds to make prudent investments, but instead used the funds for the defendant Wilgus' personal benefit. The plaintiff alleges that *no* securities were purchased with this money.

The Tennessee Consumer Protection Act provides that "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce are ... unlawful." T.C.A. § 47–18–104. Specifically, the Tennessee Consumer Protection Act prohibits: 1) deceptive representations that "a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law[;] [1]"

and 2) "[e]ngaging in any other act or practice which is deceptive to the consumers or to any other person.[2]"

The Court finds that the plaintiff's amended complaint contains allegations sufficient to distinguish it from original complaint and from the *Nichols* case and to enable the amended complaint to state a valid claim under the Tennessee Consumer Protection Act.

The *Nichols* case and the original complaint both contained allegations of wrongdoing in the marketing, and/or purchase and sale of securities. The Tennessee Consumer Protection Act claims were properly dismissed from those complaints because the Tennessee Consumer Protection Act does not extend to transactions involving the purchase and sale of securities. The Tennessee Consumer Protection Act claim is properly contained in the amended complaint because no securities are involved in the Tennessee Consumer Protection Act claim. The defendants' motion to dismiss the Tennessee Consumer Protection Act from the plaintiff's amended complaint is DENIED.

---

**1.** T.C.A. § 47–18–104(b)(12).

**2.** T.C.A. § 47–18–104(b)(26).