D. BRIGHT *v.* W. H. HALLOMAN, Trustee, etc.

7L 309
f116 646

1. COUNTY COURTS. *School tax.* The county courts, under the act of March 22, 1877, have no power to levy a school tax higher than the State tax.

2. SAME. *Same. When levied.* The term of the court when levied, does not affect the validity of the tax.

3. SAME. *Same. Amount levied.* The fact that a larger sum was levied than was lawful, does not make the entire levy unlawful, but only to the extent of the illegal exaction.

4. TAXES. *Tax books.* Tax books are process equivalent to an execution in the hands of an officer, and a payment under protest entitles the party to sue for so much as is illegal.

---

FROM OBION.

---

Appeal in error from the Circuit Court of Obion county. JO. R. HAWKINS, J.

COCHRAN & ENLOE for Bright.

J. G. SMITH for Halloman.

FREEMAN, J., delivered the opinion of the court.

This case involves the legality of the amount of the school tax levied by the county court of Obion county, for the year 1877. The county court levied a tax of thirty cents on the one hundred dollars, for the year 1877, after the question of levying a tax had been submitted to a vote of the people. An election had been ordered at April term before this, which resulted in a majority of the votes in favor of such

a levy. The order making the levy was made at the July term, after this election.

Bright paid this tax, the amount being $136, on the basis of thirty cents on the one hundred dollars, but paid it under protest, and has brought this suit to recover for so much as was illegally assessed.

The State tax for that year and the year 1878, was fixed at ten cents on the one hundred dollars on valuation of property assessed. This act was passed March 22d, 1877, but a proviso is found in the section thus fixing the amount of State tax for general State purposes, to the effect "that this act shall in nowise interfere with the levying and collection of taxes for school purposes as now provided by law." That tax is provided for by secs. 38 and 39 of the act of 1873, entitled "an act to establish and maintain a uniform system of public schools."

By sec. 38, "a tax of one mill on the dollar shall be and is hereby annually assessed upon all property subject to taxation, for the support of public schools, which shall be collected as other taxes are collected, and paid over to the county trustee, in the county where collected, and distributed therein to each school district, according to scholastic population."

An "additional school tax," was provided for by the next section in these words: "When the money derived from the school fund, and taxes imposed by the State and counties, shall not be sufficient to keep up a school for five months in the year, in the school districts of the county, the county court shall levy an additional tax sufficient for this purpose, or shall sub-

Bright *v.* Halloman.

mit the proposition to a vote of the people, and may levy a tax to prolong the schools beyond five months; said tax to be levied on all property, polls and privileges liable to taxation, but not to exceed the entire State tax."

We held at last term at Nashville, in the case of *Nashville, Chatt. & St. Louis R. Co.* v. *Franklin County,* that the entire tax to be levied under this section, both to keep the schools up five months, and for their prolongation to a longer period, if such was desired, could not exceed the entire State tax. We are satisfied with that conclusion as the proper construction of the statute.

In that view, the county court had no power to levy a tax in 1877 and 1878 for school purposes above the sum of twenty cents—the State tax for general State purposes being ten cents on the one hundred dollars, and the State tax levied for school purposes being the same—which last we held to be a tax levied by the State, though to be paid over to the county trustee of counties where levied.

This is conclusive of the matter in this case, so far as the amount is concerned. Plaintiff recovered below, as we see, on the basis of a ten cent State tax. This error will be corrected, and the basis be twenty cents, the school tax of ten cents being a part of the State tax.

It is said the tax should have been levied at the first quarterly term of the year, and not in July, but we do not think the time when levied affects the validity of the tax.

Bright *v.* Halloman.

It is also insisted the whole tax is void, and not simply the excess above the limit allowed by law. We do not think so. The excess is easily ascertained in such cases by calculation, and to that extent the payment was an illegal exaction, but to the extent the tax was legally authorized, the money was properly paid and received.

It is insisted the plaintiff ought not to have recovered because his payment was voluntary. We do not assent to this contention. The tax book was process equivalent to an execution in the hands of the officer, and payment under protest, entitled the party to sue for so much as was deemed illegal.

We need not either decide whether the act of 1873, Code, sec. 611 c, addenda, entitled " an act to facilitate the collection of revenue," regulating the mode of contesting " the collection of revenue due the State," has any application to this case or not. It is sufficient to pay in such cases under protest—if not included in said act—to entitle a party to sue, as in this case.

The result is, the judgment is affirmed.