Saunders *v.* Russell.

10L 293
10L 540
2pi 213
4pi 18

## W. H. SAUNDERS *et al. v.* JOHN W. RUSSELL.

1. DISTRESS WARRANT. *Privilege tax. Pleadings and practice.* The action of a tax collector in issuing a distress warrant for the collection of a privilege tax is both judicial and ministerial, and the writs of *certiorari* and *supersedeas* from the circuit court are the proper means by which to test the validity of the warrant, or the right to issue it in the particular case.

2. SAME. *Jurisdiction of circuit court.* The jurisdiction to revise the action of the tax collector so far as it is judicial, belongs to the circuit court of the county in which the tax was assessed, but the warrant may be quashed, if void upon its face, by the circuit court of the county to which it is issued.

3. SAME. *When void.* A distress warrant issued by the clerk of the county court of one county to another county to collect a tax for exercising a privilege in his county without a license, is void if not authorized by statute, or if it commands the officer to levy a larger amount than the law allows, and on realty as well as personalty.

4. LIVE STOCK DEALER. *Who is.* To be a dealer of live stock within the act of 1881, ch. 149, sec. 4, in any county, a person must not only buy, but buy stock to sell as an avocation or business in that county.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

MORRIS & KENNEDY for Saunders.

ANDREW McCLAIN and ATTORNEY-GENERAL LEA for Russell.

COOPER, J., delivered the opinion of the court.

On the first Monday of August, 1881, T. H. Butler, clerk of the county court of Jackson county, issued to the sheriff, or any constable of Davidson county, a distress warrant, to be levied of the goods and chattels, lands and tenements of John W. Russell, sufficient to pay $60, double the amount of the State tax, $60 double the amount of the county tax, and $15 double the amount of the road tax, $2 double clerk's fee, and $20 dnuble attorney's fees, in all $157, and all legal costs accruing on the writ, for exercising in the county of Jackson the privilege of being a dealer in live stock, without having obtained a license as required by law. This warrant was placed in the hands of W. H. Saunders, a constable of Davidson county, to be executed. Thereupon, John W. Russell filed his petition in the circuit court of Davidson county for writs of *certiorari* and *supersedeas,* to remove the proceedings into the circuit court, and supersede the warrant. Writs were granted and issued as prayed. The defendant Butler moved the circuit court to dismiss the petition for want of merit on its face, and also because the court had no jurisdiction in the premises. The court over-ruled the motion, and being of opinion that T. H. Butler, as collector of privileges for the county of Jackson, had no authority in law to issue a writ of distrainer to the county of Davidson, quashed the warrant, with costs, and Butler appealed.

The writ of *certiorari* is in this State a constitutional writ (Const., art. 6, sec. 10), and has always had

a more extended application than in England, and been used for purposes unknown to the common law. It is the universal method by which the circuit courts exercise control over all inferior jurisdictions, however constituted, and whatever may be their course of pro·ceeding: *Stuart* v. *Hall,* 2 Tenn., 179; *Durham* v. *United States,* 4 Hayw., 54, 69. The action of a tax collector in seizing property by a distress warrant is both judicial and ministerial, and the writs of *certiorari* and *supersedeas* are the proper means by which to test the validity of the warrant, or the right to issue it in the particular case: Code, sec. 3123; *Mayor* v. *Pearl,* 11 Hum., 249; *Spears* v. *Loague,* 6 Cold., 420; *Friedman* v. *Mathes,* 8 Heis., 488, 502.

The process of distress warrant, says McKinney, J., in *Mayor* v. *Pearl,* is of a character entitled to no particular favor. "In its issuance as well as in its substantial forms and modes of execution, there must be a strict compliance with the requirements of the law." The warrant in that case was in the name of the Mayor and Aldermen of the city of Nashville, and it was held to have been properly superseded and quashed. If the object of the *certiorari* be to revise the judicial act of the official who issues the warrant, the jurisdiction is in the circuit court of the county in which the act has been done: *Cotton* v. *Dromgoole,* 3 Baxt., 230; *Rogers* v. *Miller,* 1 Swan, 22. The reason is that the general supervision of the circuit court over inferior tribunals must ordinarily be restricted to the tribunals within the limits of its jurisdiction, and the judgment rendered would be such as the inferior

tribunal ought to have rendered. If the object of the *certiorari* be simply to quash the warrant without interfering with the judicial act, no reason occurs why it may not be done by any court having jurisdiction of the subject-matter and the parties. If the writ be void on its face, the person against whom it was directed might sue the officer making the levy in trespass or replevin, and these actions would be brought in the county to which the writ issues. The *certiorari* is only another remedy for quashing the writ in such a case, and may properly be resorted to in the same county for any purpose only affecting the writ: *Rogers* v. *Miller*, 1 Swan, 22; *Mabry* v. *State*, 9 Yer., 207.

The petition in this case seeks both to revise the judicial act of the county court clerk of Jackson county, and to quash the writ as void upon its face. The petitioner avers, on the merits, that he resided in the city of Nashville, Davidson county, being engaged in the business of keeping a feed and sale stable, and buying and selling live stock, having paid to the clerk of the county court of Davidson county the privilege tax required by law in both cases, and having separate licenses, one as the keeper of a sales stable, and the other as a dealer in live stock, the licenses being dated July 1, 1881, for one year, and issued under the act of 1881, ch. 149, sec. 4, the act under which the clerk of the county court of Jackson county claims to issue his warrant. The petitioner further states that in the conduct of his business as a stock dealer at Nashville, he buys stock in other counties, going for that purpose to those counties. The petitioner went

to Jackson county and purchased two mules, but he never sold stock in that county, nor did he have any place of business in that county as a dealer in live stock.    The statute requires a privilege tax from "dealers in live stock."    Dealing in goods, it has been held by this court, implies not only selling but buying to sell as an avocation or business.    Where a merchant made an assignment of his stock of goods to a trustee for the benefit of his creditors, and the trustee proceeded to sell the goods without replenishing the stock, it was held that he was not required to take out a license: *Ayrnett* v. *Edmundson*, 9 Baxt., 610.    The converse must be equally true, that to constitute a dealer in live stock he must not only buy, but buy to sell as an avocation or business in that county.    The petition does, therefore, clearly contain merit, and the motion to dismiss it for want of merit was properly overruled. But the want of jurisdiction in the circuit court of Davidson county to revise the judicial act of the clerk in finding that the petitioner was a dealer in live stock in Jackson county, was probably fatal to the application on the merits.

But the petition seeks to quash the warrant upon the ground that the clerk of the county court of Jackson county had no authority to issue a distress warrant for a privilege tax to Davidson county.    Unless the authority is conferred by statute, it does not exist. By the Code, sec. 608, the tax collector of taxes on property is authorized, upon the failure of a person to pay his taxes at a time appointed for the purpose of receiving them, to levy the taxes by distraining and

selling the delinquent's goods and chattels, giving notice
of the sale at four of the most public places in the
civil district.   By sec. 610, if the collector has reason
to fear that any person charged with taxes is about
to remove from the county without paying them, he
may, at any time, levy such taxes, with costs and
charges, by distress and sale.   And by sec. 611, if
such person has actually removed from the county, the
collector if in office, or the clerk if the collector's
term of service has expired, may issue a distress war-
rant to the sheriff of the county to which the party
has removed.   By the act of 1875, ch. 91, sec. 5, au-
thority is conferred, in such cases, to distrain personal
property anywhere in the county, and to advertise and
sell at the county seat, or in the district where the
property is found.   By the Code, sec. 704, if any
person exercise a privilege without obtaining the pre-
scribed license, the clerk shall issue to the sheriff, or
any constable a distress warrant, commanding him to
levy double the highest tax imposed upon the business,
together with costs and charges, by distraining and
selling so much of the delinquent's goods and chattels
as shall be sufficient for the purpose.   By the Code,
sec. 707, double fees shall be allowed to the clerk or
attorney prosecuting the case, wherever the penalty pre-
scribed against breaches of the revenue laws in relation
to licenses is recovered.

These are the only statutory provisions which we
have been able to find, or to which our attention has
been called in relation to the exercise of the power
of distraining for taxes.   The collector of taxes on

property is only authorized to issue a distress warrant
to any county, other than the county in which the
taxes are levied, when the tax payer has removed to
another county, and then to that county. The distress
warrant for privilege taxes is not expressly authorized
to be issued out of the county in which the taxes
accrue even in the case where the tax payer removes
from the county. If so admissible in any case it
would be by construing the law of distraint as to taxes
on property as extending to taxes on privileges. In
all cases in which a distrainer will not lie, the col-
lector must proceed by suit in the usual form.

In this view, the warrant in the case before us
was void, and might be quashed by the circuit court
of Davidson county. The warrant was probably also
void because, as stated in the petition, it claims dou-
ble clerk's, and double attorney's fees, when the Code
only authorizes double fees to the "clerk *or* attorney"
prosecuting the case. The warrant is also fatally de-
fective, if the copy of it in the record is correct, for
it commands the officer to levy the taxes of the "lands
and tenements," as well as the goods and chattels of
the delinquent. The distress, for the payment of
taxes, is limited to goods and chattels. Land can
only be reached as a last resort, and in the mode
prescribed by statute, or by bill to enforce the lien
given for the payment of taxes: *Mayor* v. *Brien,* 10
Lea, 209.

The petition on its face shows that the State tax
has been paid by the petitioner in compliance with

the terms of the act of 1873, ch. 44. That act only applies to the revenue due the State.

There is no error in the judgment, and it will be affirmed with costs.