Gerald E. McCLELLAN, Appellant,

v.

SAM SCHWARTZ PONTIAC, INC., a Corporation, Respondent.

No. 47931.

Supreme Court of Missouri,

Division No. 1.

July 11, 1960.

Motion for Rehearing or to Transfer to Court en Banc Denied Sept. 12, 1960.

Dwight Beals, Kansas City, for appellant.

D. Dwayne Tarver, Howard D. Lay, Morris & Lay, Kansas City, for respondent.

HOLMAN, Commissioner.

In this suit plaintiff Gerald E. McClellan sought to recover from defendant actual damages in the sum of $1,242.33 and punitive damages in the sum of $25,000. The defendant filed a motion to dismiss which was sustained by the court and a judgment of dismissal was entered accordingly. Plaintiff has duly appealed.

A brief statement of the history, of this litigation is required in order to understand the issues presented. There are two cases involved. On December 12, 1958, respondent filed a suit against appellant in magistrate court seeking to recover the balance of $519.67 (plus interest and attorney fees) alleged to be due upon a promissory note signed by appellant. Appellant filed an answer and counterclaim in which he admitted the execution of the note but alleged that there was no consideration for the note because it represented the balance due upon the purchase price of an automobile for which he had been unable to obtain a title. The counterclaim further alleged that appellant had paid a total of $1,242.33 upon the purchase price of said automobile and upon the note and that said amount was due him from respondent, but the amount prayed for was reduced to $1,000, the limit of the jurisdiction of the magistrate court at that time. A trial of that case resulted in a judgment for appellant upon respondent's claim and for respondent upon appellant's counterclaim. Respondent duly appealed to the circuit court and that case was pending in that court at the time of the appeal herein.

On August 4, 1959, after the transcript of the magistrate case had been filed in the circuit court, appellant filed in that cause a written "Dismissal of Counterclaim" which read as follows: "Comes now defendant and dismisses his counterclaim without prejudice." On the same day the following order was entered in that cause, to wit: "Now on this day in accordance with the written dismissal now filed herein, it is ordered and adjudged by the court that defendant's counterclaim be and the same is hereby dismissed without prejudice, at defendant's costs, and that execution issue therefor."

Three days thereafter appellant filed the instant suit alleging that he had purchased a new Pontiac automobile from respondent and had paid $1,242.33 thereon, but that respondent "unlawfully, wrongfully, willfully, fraudulently and maliciously took plaintiff's money and property, unlawfully, wrongfully, willfully, fraudulently and maliciously representing to plaintiff that defendant had sold to plaintiff said automobile, and unlawfully, wrongfully, willfully, fraudulently and maliciously failed to deliver papers to plaintiff so that plaintiff could get title to and license for said automobile although often requested to do so; all to plaintiff's actual damage of $1,242.-33." It was also alleged that respondent had taken possession of the car. Actual and punitive damages were sought in the amounts heretofore stated.

In its motion to dismiss respondent alleged that the petition should be dismissed "for the following reasons: 1. Because the issues involved in the present claim and petition are being litigated between plaintiff and defendant in a previous suit in this court, No. 613584, hereby incorporated by reference and plaintiff cannot have two actions pending on the same claim. 2. Because, if plaintiff is contending that the previous action is no longer pending, then the issues involved herein are barred by estoppel by judgment and res judicata as a result of a judgment in

Magistrate Court for Second District, case No. 35755." As stated, the motion to dismiss was sustained.

It is apparent that appellant dismissed his counterclaim and filed the new suit because he desired to seek recovery of the full amount of actual damages alleged to be due and also punitive damages in the sum of $25,000. We have concluded that he had the right to follow that procedure and hence the court erred in entering the judgment of dismissal.

When respondent appealed from the magistrate judgment it was the duty of the magistrate to file in the circuit court "a transcript of all the entries made in his record relating to the case, together with all the process and other papers relating to the suit * * *." Section 512.250 (unless otherwise indicated all statutory references are to RSMo 1949, V.A.M.S.). Upon the filing of said transcript the circuit court was "possessed of the cause, and shall proceed to hear, try and determine the same anew * * *." Section 512.270. It is also provided that "The same cause of action, and no other, that was tried before the magistrate, shall be tried before the appellate court upon the appeal * * *." Section 512.280. And, "no setoff nor counterclaim shall be pleaded in the appellate court that was not pleaded before the magistrate." Section 512.290. It is further provided in Section 512.310 that "The trial in the appellate court shall be governed by the practice in such court * * *."

█ We conclude from the foregoing statutory provisions (and others hereinafter cited), and from the cases construing those and predecessor statutes containing similar provisions, as follows: (1) The magistrate could (and did) render but one judgment which covered both the respondent's claim and appellant's counterclaim and the appeal transferred the whole case (including the counterclaim) to the circuit court. State ex rel. Duraflor Products Co. v. Pearcy, 325 Mo. 335, 29 S.W.2d 83; Gloria Lee Realty Co. v. Madigan, Mo. App., 243 S.W.2d 118. (2) When the appeal was taken "The cause is considered as still pending, no regard is had to the judgment of the justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record." Turner v. Northcut, 9 Mo. 251, 256. (3) After the transcript was filed in the circuit court appellant could not have amended his counterclaim so as to pray for recovery in an amount exceeding the jurisdiction of the magistrate. Short v. Morrison, 149 Mo.App. 372, 130 S.W. 78. (4) After the appeal was lodged in the circuit court appellant "shall be allowed" to dismiss his counterclaim without prejudice, at any time before the same is finally submitted. Sections 510.130 and 510.160. (5) After dismissal of the counterclaim without prejudice appellant could "bring another action for the same cause." Section 510.150.

Section 517.240, P.P. Vol. 34 V.A.M.S., provides that "If, not later than twenty days after the return date of the summons, any defendant pleads any counterclaim or setoff which exceeds the jurisdiction * * * of the magistrate court wherein the case is pending, and if the defendant" complies with certain formal requirements "the magistrate shall * * * forthwith certify the cause and transmit all papers and process therein to the clerk of the circuit court of the county wherein the magistrate court is located. Thereupon the circuit court shall proceed further with the cause, with the same jurisdiction, and according to the same procedure, as if the cause was originally commenced in the circuit court * * *. If any defendant pleads any counterclaim or setoff which exceeds the jurisdiction * * * more than twenty days after the return date of the summons, * * * then the counterclaim or setoff shall be dismissed without prejudice by the magistrate of his own motion, and shall not be refiled in the magistrate court." It will be seen from the

quoted portions of said section that appellant could have filed a counterclaim for more than the jurisdictional amount of the magistrate court if he had done so within the time provided in that section. However, the provisions of that statute indicate that the filing of such a counterclaim in the magistrate court is not mandatory. The statute provides that when such a counterclaim is filed after the expiration of the time specified it shall be dismissed "without prejudice," and "shall not be refiled in the magistrate court." Those provisions indicate that the filing of such a counterclaim in the magistrate court is not compulsory and that the claim may be filed in another court having jurisdiction thereof.

Respondent contends that the dismissal of the counterclaim was not lawfully accomplished and hence it is still pending in the first case. It is said that that situation warranted the dismissal of the second (instant) action. Cases are cited which hold that a party may no longer dismiss a suit by obtaining an order by the clerk in vacation, State ex rel. Grace v. Connor, Mo. App., 219 S.W.2d 867, and that the right to dismiss, without prejudice, is not an absolute right. Smith v. Taylor, Mo.App., 289 S.W.2d 134. The cases indicate that one reason for requiring a court order is for the purpose of giving persons affected an opportunity to object. In the Smith case, supra, the following is stated: "We agree with defendant that plaintiff did not have an absolute right under the Code to take a voluntary dismissal without prejudice, yet, the right to dismiss has been a well established right throughout all of our procedure. The evidence must show defendant would be injured. We think the mere fact that plaintiff would bring another action against defendant is not such an injury as would justify the court in denying plaintiff's request to take a voluntary dismissal. Defendant must show that some undue advantage would be given plaintiff by such dismissal or that under the circumstances defendant would lose some

right of defense before the injury would justify the trial court's action." 289 S.W. 2d 140.

In the case we are considering the dismissal of the counterclaim was accomplished by an order made in open court. The only possible defect in the procedure would seem to be the fact that appellant did not notify respondent of his intention to seek the order of dismissal. However, it does not appear that any valid objection to the dismissal was available to respondent and, in any event, failure to give notice would not make the order void so that it would be subject to a collateral attack such as here interposed.

Respondent also points out that the law does not favor a multiplicity of actions and that appellant should not be permitted to split his cause of action by using the same alleged facts as a defense in the first case and as a basis for his claim for relief in the instant case. That would not constitute the "splitting" of a cause of action. It may be that respondent intends to make the contention that it was mandatory that the claim for relief herein be litigated in the first case. If so, we do not think that contention is valid.

The "Civil Code of Missouri" does not apply to magistrate courts, Section 506.010, and therefore our code section relating to compulsory counterclaims, Section 509.420, did not require appellant to seek the relief claimed in the case at bar by filing a timely counterclaim in the magistrate court as permitted by Section 517.240, supra. Furthermore, after that case had been appealed to the circuit court appellant could not have sought the instant relief (damages in the amount of $26,242.33) by filing an amended counterclaim therein because, upon appeal, the jurisdiction of the circuit court was no greater than that possessed by the magistrate, i. e., $1,000.

It is also suggested by respondent that by filing the counterclaim for $1,000

in the magistrate case appellant made a binding election of his remedy and, after judgment in the magistrate court, he was estopped to maintain the instant suit. The conclusions we have heretofore expressed will indicate our view that there is no merit in that contention. When the magistrate case was appealed, the judgment therein was suspended, and (in so far as the issues here are concerned) the case was pending in the circuit court in the same manner as though it had never been tried. In that situation, upon a dismissal of his counterclaim without prejudice, appellant had a right to thereafter institute another action seeking the relief claimed in the petition herein.

■ Finally, respondent contends that plaintiff's petition herein does not state a claim upon which relief can be granted. Respondent's contention is based upon the fact that the car sold to appellant was a new car and the seller is not required to furnish a "title" to a new car. However, Section 301.200, subd. 2 provides that "Dealers shall execute and deliver bills of sale in accordance with forms prescribed by the director of revenue for all new cars sold by them. On the presentation of a bill of sale, executed in the form prescribed by the director of revenue, by a manufacturer or a dealer for a new car sold in this state, a certificate of ownership shall be issued." It therefore appears that unless a purchaser of a new car obtains a bill of sale from the dealer he cannot obtain a title and is thus denied the beneficial use of the car. Plaintiff alleged that defendant "unlawfully, wrongfully, willfully, fraudulently and maliciously failed to deliver papers to plaintiff so that plaintiff could get title to and license for said automobile although often requested to do so." The word "papers" in that allegation would reasonably be construed to mean the bill of sale which defendant was required by law to "execute and deliver" to plaintiff. In considering the sufficiency of the petition, especially (as here) upon ob-

jection raised for the first time on appeal, every reasonable intendment will be accorded the petition. We therefore rule that the petition herein does not wholly fail to state a claim upon which relief could be granted.

The judgment is reversed and cause remanded for further proceedings.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.