William **AUBUCHON**, Plaintiff-Respondent,

v.

Don **AYERS**, Defendant-Appellant.

No. 32207.

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1966.

Wilburn A. Duncan, Robert R. Young, St. Louis, for defendant-appellant.

Gerald K. Rabushka, Clayton, for plaintiff-respondent.

BRADY, Commissioner.

The plaintiff brought an action in the magistrate court of the City of St. Louis for personal injuries and property damage arising out of an automobile collision. The prayer of the petition was for $750.00 and costs. Trial resulted in a judgment in favor of plaintiff for the amount prayed. The defendant posted bond and filed his timely notice of appeal. The appeal rested in the circuit court for slightly over two months and then plaintiff, by leave of court, dismissed his "cause of action" without prejudice and at his costs. The defendant's motion to set aside that dismissal was overruled by the trial court. Two days later the defendant filed a motion stating that he took the appeal pursuant to Civil Rule 82.05, (a), V.A.M.R. The trial court sustained this motion stating "leave granted." The plaintiff then filed a motion to set aside this order granting defendant leave to appeal. The trial court also overruled this motion. The plaintiff later filed a new action in the circuit court wherein he prayed for $15,000.00 for damages arising from the same accident.

Recognizing that it has long been the rule in this state that an appeal will not lie from an order granting a voluntary nonsuit (§ 512.020, RSMo 1959, V.A.M.S., and cases collected at note 83), the plaintiff has filed a motion to dismiss this appeal on the grounds the trial court's ruling on defendant's motion was not an appealable judgment. We took that motion with the case and it is now for our ruling. It should be pointed out what little difference exists as to whether the decision in the instant appeal be ruled upon the motion to dismiss or upon the merits of the appeal is one of form and. not of substance. This for the reason that a party cannot appeal unless he is "aggrieved" by the final judgment of the trial court. That is merely another way of saying that the party "aggrieved" has shown he will lose some right of defense or the other party will gain some undue advantage if allowed to dismiss without prejudice, and this has been held to be the proper scope of inquiry in determining whether a party should be allowed to dismiss without prejudice. McClellan v. Sam Schwartz Pontiac, Inc., Mo., 338 S.W.2d 49, l.c. 53, quoting from Smith v. Taylor, Mo.App., 289 S.W.2d 134, l.c. 140. For that reason we will rule this appeal upon the motion to dismiss the appeal on the ground the defendant was not aggrieved by the trial court's ruling. It should be noted that a ruling upon the motion constitutes, in effect at least, a ruling upon the merits and in this respect the instant case is somewhat unusual.

In McClellan v. Sam Schwartz Pontiac, Inc., supra, the availability of a voluntary

dismissal without prejudice and by leave of court, following an appeal from a judgment of the magistrate court was squarely ruled. In that case plaintiff, an automobile dealer, brought suit in the magistrate court to recover the balance due on a promissory note signed by the defendant. The defendant denied the plaintiff's petition alleging failure of consideration in that he never received title to the automobile and filed a counterclaim alleging the payment of $1,242.33 upon the note and praying for a judgment of $1,000.00, the monetary jurisdictional limit of the magistrate court at that time. Trial resulted in judgment for defendant upon plaintiff's petition and for plaintiff upon defendant's counterclaim. The plaintiff appealed to the circuit court. After the case was properly lodged in the circuit court the defendant, by leave of court, dismissed his counterclaim without prejudice and three days later filed a new action in the circuit court for $1,242.33, and for punitive damages in the amount of $25,000.00. The plaintiff filed a motion to dismiss the later action originating in the circuit court, and as grounds therefor recited the events stated above and incorporated the appeal from the magistrate court in its motion. The trial court sustained plaintiff's motion and dismissed the second action. The court reviewed the case law and the pertinent statutes, in particular § 512.250 (unless otherwise noted, all statutory references in this opinion are to RSMo 1959, V.A.M.S.), § 512.270, § 512.280, § 512.290, § 512.310, all of which, except § 512.290, are pertinent to the instant case. It then made five conclusions of law of which four directly rule the instant case. (The other dealt with whether a counterclaim could be amended in the circuit court to state a higher prayer.) It was first held the appeal transferred the whole case including the counterclaim to the circuit court; the court then held (McClellan v. Sam Schwartz Pontiac, Inc., 338 S.W.2d 49, 1.c. 52, [2], (2), (4), and (5)):
"(2) When the appeal was taken 'The cause is considered as still pending, no regard is had to the judgment of the justice, and the rights of the parties are the same as they would be in any other suit pending in the courts of record.' Turner v. Northcut, 9 Mo. 251, 256. * * * (4) After the appeal was lodged in the circuit court appellant 'shall be allowed' to dismiss his counterclaim without prejudice, at any time before the same is finally submitted. Sections 510.130 and 510.160. (5) After dismissal of the counterclaim without prejudice appellant could 'bring another action for the same cause.' Section 510.150." The Supreme Court held the defendant (338 S.W. 2d 49, 1.c. 52) "* * * had the right to follow that procedure and hence the court erred in entering the judgment of dismissal" in the second action.

It is obvious that the decision in McClellan is bottomed upon the second conclusion containing the citation from Turner v. Northcut, 9 Mo. 251. In turn this depends upon whether the judgment of the justice (magistrate) court is considered to have been vacated or suspended by the appeal to the circuit court. The decision in Turner v. Northcut, supra, and a long line of decisions since that time is to the effect that the judgment of the justice or magistrate court is vacated by an appeal to the circuit court. The court in Turner v. Northcut, supra, reached its decision by an interpretation of Sec. 8, Art. 8 of the act relating to justice courts as found in RSMo 1835. That section would seem to be procedural in scope, and is the same, practically speaking, as § 512.270 of our present statutes. The pertinent language found in both the 1835 act and in the present statute is to the effect that upon the circuit court being possessed of the cause on appeal it "* * * shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection on the trial, judgment or other proceedings of the magistrate or sheriff in relation to the cause." The court in Turner v. Northcut, supra, made no reference to Sec. 3, paragraph 2, of Art. 8 of the act relating to justice courts,

RSMo 1835. Again the language of that section has been carried forward and is found almost identically stated in § 512.190 of our present statutes. Both of these sections, the 1835 act and the present law, provide that the recognizance is to be conditioned upon the prosecution of the appeal with due diligence and each provides (§ 512.190): " * * * *and that if on such appeal the judgment of the magistrate [justice] be affirmed,* or upon a trial anew in the appellate court judgment be given against him, he will pay such judgment, and that, if his appeal be dismissed, *he will pay the judgment of the magistrate,* together with the costs." (Emphasis supplied.) The italicized portions of this language would indicate that the legislature never intended, in 1835 or in 1945 upon the passage of the magistrate court act of this state, to allow magistrate judgments to be "vacated" by an appeal to the circuit court. A judgment which has been vacated could not be "affirmed" and neither could it be paid. Yet the court in Turner v. Northcut, supra, paid no attention to the second paragraph of Sec. 3 of Art. 8 of the 1835 statutes when it held that (9 Mo. 251, 1.c. 256) " * * * When an appeal is taken by either party, its effect is not only to suspend, but to destroy the effect of a judgment of a justice; it makes it as though no judgment had been rendered. * * * " Further explanation, if not criticism, of Turner is to be found in Pullis v. Pullis Bros. Iron Co., 157 Mo. 565, 57 S.W. 1095 at 1.c. 1101.

However, it should be noted that, the phrase "the judgment is vacated," as used in the earlier decisions, had been somewhat clarified and modified by later decisions, particularly Leonard v. Security Bldg. Co., 179 Mo.App. 480, 162 S.W. 685 and Pullis v. Pullis Bros. Iron Co., supra. As was stated in Leonard v. Security Bldg. Co., supra, 162 S.W. 1.c. 687: "From the language of the Supreme Court in Pullis v. Pullis, supra, it appears that a dismissal of the appeal 're-vivifies' the judgment of a justice. This may be quite true without in any manner affecting the real question before us. It

is immaterial that the judgment may thus be revived and again become in force. But, unless it is so revived by the dismissal of the appeal, it never again acquires any force; for the case will otherwise proceed de novo in the circuit court as though it had been originally instituted there, and the circuit court will ultimately enter its judgment therein, *unless the plaintiff should exercise his right to dismiss the cause or take a nonsuit, in which event the case is taken out of court and the judgment of the justice thereby vacated.*" (Emphasis supplied.) It is therefore clear that even though custom of referring to the judgment of the magistrate court as being "vacated" has been modified, even the modifying decisions recognize that the plaintiff may dismiss the cause. Leonard v. Security Bldg. Co., supra.

In his brief defendant attempts to distinguish McClellan on the grounds the plaintiff in that case did not recover in the magistrate court. He states: " * * * Missouri courts have never permitted a plaintiff to obtain judgment in the Magistrate Court and then to dismiss without prejudice in the Circuit Court." The defendant is incorrect if he means that such an action has never been permitted or recognized under Missouri law. In Silent Automatic Sales Corp. v. Stayton, 8th Circuit Court of Appeals, 45 F.2d 476 the very situation of which the defendant speaks was before the court. In that case Stayton filed suit for $350.00 in the justice court for damages to his automobile. He recovered a judgment for $250.00. Silent appealed and gave bond. While the appeal was pending Stayton brought a separate action for personal injuries against Silent which was removed to the Federal court. Defendant filed a demurrer on the grounds that plaintiff's cause of action was res adjudicata due to the recovery in the justice court. It was held the second action would lie. The opinion contains a complete yet concise resume of the development of the law in this state with regard to appeals from justice courts since the days of Turner v. Northcut, supra. The

citation of cases is extensive. It follows that defendant's statement is incorrect and the availability of the course of action which plaintiff in the instant case has followed has been recognized. Silent Automatic Sales Corp. v. Stayton, supra.

■ However, it should be obvious that even had defendant's statement been correct, it would have been of no assistance to him. To the contrary the rule that a plaintiff who has a judgment rendered against him in the magistrate or justice court is allowed to appeal to the circuit court and upon the appeal being perfected, dismiss without prejudice and bring another action, would be strong authority against defendant's position. Obviously if the plaintiff in that situation was not taking any undue advantage of the defendant when in fact the defendant had a judgment of the magistrate court in his favor, plaintiff could not be held to be taking any undue advantage in the instant case when the defendant has no judgment but the plaintiff has.

■ As stated earlier herein, McClellan v. Sam Schwartz Pontiac, Inc., supra, rules this appeal and compels our decision in favor of the plaintiff. That being so it is unnecessary to further burden this opinion with a detailed inquiry into whether, if plaintiff's course of action be upheld, defendant would lose his right of defense or gain some undue advantage. It should be sufficient to state that, so far as any loss of a right of defense is concerned, we can see none. The fact that the case was tried in the magistrate court would in no way prevent the defendant from presenting any defenses it might have to any new action the plaintiff might file. Neither can defendant complain the plaintiff now knows the evidence he will present. The effect of his own action in filing his appeal from the magistrate court was to cause a de novo trial in the circuit court and thus bring about a second trial wherein plaintiff could take advantage of whatever knowledge of defendant's evidence he gained at the magistrate court trial. Defendant cannot now complain that the same result was reached by another procedure.

■ Neither can we discern any undue advantage that plaintiff would gain from dismissal of his cause. The effect of the plaintiff's action was to relieve defendant from the certainty of a judgment of $750.00 against him and to substitute in that place the possibility that the plaintiff might secure a larger judgment, but it is equally possible that the defendant might prevail and the plaintiff not recover any judgment at all. Moreover, the defendant must be held to have contemplated the possibility that plaintiff might dismiss his action upon defendant's appeal and then file a new action when the defendant decided to appeal. He could appeal and subject himself to the possibility of what later actually happened or he could pay the $750.00 judgment. The choice was his and the fact the defendant now regrets the choice he made does not constitute an unfair advantage to the plaintiff. It should also be noted that any contemplation of what might be the final results of the trial of the second action is pure speculation and again evidences the wisdom of the rule refusing appeal from orders such as here involved.

It follows that the defendant cannot be held to have been "aggrieved" by plaintiff's dismissal and this appeal will not lie. The plaintiff's motion to dismiss the appeal is sustained and the appeal dismissed.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The plaintiff's motion to dismiss the appeal is sustained and the appeal is dismissed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.