GENERAL GROWTH PROPERTIES,
Plaintiff-Appellant,

v.

OVAL OFFICE, INC., Paul O. Sommerer,
Leroy J. Sommerer, and S.S. Conglom-
erate, Inc., Defendants-Respondents.

No. WD 36790.

Missouri Court of Appeals,
Western District.

Dec. 10, 1985.

Motion for Rehearing and/or Transfer
to Supreme Court Overruled and
Denied Jan. 28, 1986.

Application to Transfer Denied
March 25, 1986.

Ronald J. Prenger, Jefferson City, for
plaintiff-appellant.

Cyril M. Hendricks, Jefferson City, for
defendants-respondents.

Before SOMERVILLE, P.J., and
PRITCHARD and BERREY, III, JJ.

BERREY, Judge.

General Growth Properties appeals from
the trial court's order granting a new trial
to respondents. Judgment affirmed.

The facts are as follows: General
Growth Properties filed its amended peti-
tion for rent and possession against defend-
ants on November 18, 1980; on December
5, 1980, defendants filed their counterclaim
against plaintiff; on January 19, 1981,
plaintiff filed its second amended petition;
and on May 4, 1981, Byron L. Kinder, Pre-
siding Judge, Cole County Circuit Court
disqualified himself and assigned Hon.
Ralph H. Duggins, Associate Circuit Judge,
to hear the case. From May 4, 1981,
through November 13, 1981, various plead-
ings were filed by both parties.

The matter was tried on November 13, 1981. Judge Duggins electronically recorded the trial on his personal, one track Sony tape recorder. The tapes of the trial, however, subsequently disappeared.

On May 11, 1982, a judgment was entered for the plaintiff and against the defendants. The defendants' counter-claim against plaintiff was dismissed.

From this judgment the defendants appealed to this court, and their appeal was docketed as WD 33900. While the case was on appeal, the defendants moved to vacate the judgment for irregularity under Rule 74.32. The trial court acquiesced and defendants voluntarily dismissed their appeal.

The plaintiff then appealed the trial court's decision to vacate the judgment. *General Growth Properties v. Oval Office Inc.*, 670 S.W.2d 165 (Mo.App.1984) (hereinafter General Growth Properties I). This court reversed the trial court and reinstated the original judgment of May 11, 1982. Relying on *State ex rel. Brooks Erection and Construction Co. v. Gaertner*, 639 S.W.2d 848 (Mo.App.1982), the court found the trial court had no jurisdiction to vacate the judgment because the case was then pending in this court.

On August 23, 1984, the defendants filed a motion to vacate the judgment and petition for writ of error coram nobis. The defendants in their motion alleged that because the record on appeal of the original judgment was unperfected, the judgment should be set aside and a new trial should be granted.

After a hearing on the issue, the trial court granted defendants' petition for writ of error coram nobis and vacated the judgment. A new trial was granted. The present appeal follows from that order.

The court in *General Growth Properties I* concluded that the trial court's reliance on Rule 74.32 in vacating the judgement was misplaced because that rule contemplates irregularities apparent on the face of the record. The missing tapes were dehors the record.

The court in *General Growth Properties I* directed the parties to *Lawton-Byrne-Bruner Insurance Agency, Co. v. Air-Flight Cab Co.*, 479 S.W.2d 218 (Mo.App. 1972). In that case the trial transcript could not be furnished because the court reporter's stenotype machine malfunctioned during the trial and when the reporter began preparing the transcript he found the notes were illegible. The *Lawton* court approved of a writ of coram nobis as the proper course for relief in circumstances similar to those which confront the parties herein.

It should be noted that the parties hereto have exercised due diligence in attempting to secure a transcript. They are not guilty of laches or negligence in attempts to secure the transcript. Both parties have tried and failed in efforts to stipulate to a transcript. All of which has established a prejudice against the defendants-respondents by the inability to secure a transcript.

A motion to set aside a judgment may also present to the court at the same time the issues of a proceeding in the nature of a writ of coram nobis. This proceeding is designed to bring to the attention of the court some unknown fact, not going to the merits of the cause, but relating to the jurisdiction of the court to proceed and to attain a valid result in the cause. It tests validity upon errors of fact dehors the record which go to the right of the court to proceed. *Lawton, supra*, at 220.

The plaintiff-appellant cites *Schoenhals v. Pahler*, 257 S.W.2d 662 (Mo.1953), as being dispositive. It is not. The plaintiff therein sought to have a dismissal with prejudice set aside and the court said, "plaintiff suggests no fact as having been unknown to the court at the time the dismissal was entered...." *Id.* at 665. Such is not the instant case when neither the judge or the attorneys knew that the tapes would be lost and hence a transcript could not be furnished. This constitutes a fact dehors the record. It "was not discernable from the record but depended on facts brought to the attention of the court by

some medium of proof." *General Growth Properties I, supra,* at 165, 167.

The plaintiff-appellant further relies on *Pulem v. George,* 433 S.W.2d 83 (Mo.App. 1968). In the *Pulem* case, the reporter died before his notes were transcribed and efforts to have someone else transcribe the notes was unsuccessful. A motion to remand was denied and the parties prepared a narrative statement which was approved by both counsel and the trial judge. The appellant in *Pulem* urged that a new trial should be granted because of his inability to secure a full and complete transcript. He asserted the agreed to narrative was unsatisfactory and prejudicial. In *Pulem, supra,* at 86 the court, however, found that:

> [W]hile the defendant has shown due diligence and is without fault, he has not shown that he is injured in any way by his inability to secure a full and complete transcript of the record. He has not been prevented from presenting his contentions to this court as fully as he would have been if a full transcript were available because no questions of the admission of evidence or other trial incidents were preserved for review by the motion for new trial. We therefore decline to reverse this cause for this reason.

In *Pulem* the parties virtually agreed to the entire record and the questions of evidence and other trial admission of incidents were preserved for review, the court declined to reverse. This is not analogous to the instant case.

Plaintiff also cites *McDowell v. Bimel Ashcraft Mfg. Co.,* 9 S.W.2d 643 (Mo.App. 1928) wherein the transcript on appeal was prepared but had not been picked up and paid for and the reporter's home burned and his notes and transcript were destroyed. The court held that appellant must demonstrate he was free of negligence and used due diligence. Such is not the instant case as we have determined defendants were free of negligence and used due diligence.

In *Woods et al. v. Bottmos,* 206 S.W. 410 (Mo.App.1918), the courthouse burned and all the records in the case were destroyed. The court noted:

> In this situation defendants are powerless and helpless without fault of theirs, and they have therefore presented their motion, founded on the facts aforesaid, asking that the judgment be reversed and the cause remanded, that another trial be had, to the end that each party may have their matters of complaint adjudged, with the right of appeal upon a record which will show to the appellate court all matters of alleged error. *Id.* at 411.

The respondents herein are in the same plight. The record is gone through no fault of theirs and they should not now be penalized.

■ Accordingly the trial court did not err in granting respondents' motion to vacate the judgment and for a writ of error coram nobis and in ordering a new trial. Appellant's Point I is denied.

■ Appellant further contends that the trial court erred in granting respondents' motion to vacate and petition for writ of error coram nobis and for granting a new trial because respondents' dismissed their appeal.

The respondents cite Rule 83.10 as grounds for their assertion regarding dismissals of appeals. However, a search of the rules fails to locate the respondents' direct quote, "any time subsequent to the filing of the transcript or appeal in the appellate court and prior to submission in said appellate court." An appellant may dismiss his appeal under Rule 84.09, "an appellant may file a dismissal of his appeal in the appellate court at any time prior to the submission of the cause in the appellate court."

Oval Office, et al., appellants in WD 33900 (respondents herein) had the obligation of furnishing the transcript and failing in this there was nothing for the appellate court to decide. *Davis v. Long,* 521 S.W.2d 7, 8–9 (Mo.App.1975). The trial court was unable to locate the recorded tapes of the trial and as a result of the

inability to furnish the trial transcript the appellant dismissed its appeal.

The respondents herein correctly cite *Dallavalle v. Berry Grant Co.*, 462 S.W.2d 175 (Mo.1970):

> [W]hile the right to voluntary dismissal without prejudice is not absolute, the right to so dismiss has been well established and recognized throughout all of our procedure. The test to determine whether such a dismissal should be permitted is to inquire whether by so dismissing a party would gain some undue advantage or would cause the other party to lose some right of defense.

*Id.*, at 178; citing *McClellan v. Sam Schwartz Pontiac, Inc., Mo.*, 338 S.W.2d 49 (Mo.1960).

Failing to secure the needed transcript, the respondents filed a motion in the circuit court under Rule 74.32 citing irregularity of the record, i.e., failure to produce a transcript. The trial court granted the motion and Oval Office, et al, dismissed their appeal. However, as noted supra, the case was on appeal and the trial court lacked jurisdiction to entertain the motion. The respondents did not gain undue advantage by dismissing their original appeal.

Appellant cites Edwin Earnshaw, "Writ of Error Coram Nobis in Missouri", 5 Kansas City Law Review, p. 266 as reason for the motion to be filed in the appeals court. They have neatly excised the following: "the application for the writ represents the first opportunity the party had to present the matter." A full reading is as follows:

> It must appear that the exercise of all diligence during the trial would have been fruitless, the application for the writ representing the first opportunity that the party has had to present the matter. *The principal aim of the writ is to afford the court in which the action has been tried an opportunity to correct its act because of a vital fact unknown when the judgment was rendered* and which would destroy the judgment, or where the court proceeded on the assumption that some fact vital to its

jurisdiction existed when actually it did not.

(Emphasis added).

In the instant case, Oval Office Inc., did not waive error or prejudice by the voluntary dismissal of their appeal.

■ Appellant's third point of error claims respondents failed to exercise due diligence in securing the transcript and preserving the evidence at trial. Appellant cites no case authority for its claim but relies on 478.072.1, RSMo 1978, which provides that associate circuit judge assigned to hear circuit court cases use the method of preserving the record that the assigning circuit judge designates. Judge Kinder's order of May 4, 1981, though alluding to a court reporter fails to specifically set forth the manner in which the testimony is to be recorded. The order is set forth herein in its entirety.

### IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

### IN THE MATTER OF THE TRANSFER OF JUDICIAL PERSONNEL

### ORDER

WHEREAS, James F. McHenry, Circuit Judge, Division I, having disqualified himself in the case of General Growth Properties vs. The Oval Office, # CV180–990cc.

IT IS, THEREFORE, ORDERED that the Honorable Ralph H. Duggins, Associate Circuit Judge, is hereby transferred to hear the above cause.

IT IS FURTHER ORDERED that the Judge hereby transferred shall have the same powers and responsibilities as any Judge of the Circuit Court. His powers and responsibilities shall be confined to such designated case and shall continue until final disposition of such designated case. Jurisdiction of such case shall extend to any action necessary to complete the assignment, including after-trial proceedings.

IT IS FURTHER ORDERED that Marilea Stadler, Official Court Reporter for

Division I, 19th Judicial Circuit, shall be assigned to report such case and shall act as the official court reporter in all regards in such case.

/s/ Byron L. Kinder
BYRON L. KINDER
PRESIDING JUDGE

Dated this 4th day of May, 1981.

The parties proceeded to trial without the presence of Marilea Stadler and the associate circuit judge used his personal Sony tape recorder to preserve the testimony. There is no doubt the parties' attempt to reconstruct a transcript was not successful. Oval Offices herein can not be charged with failure to safeguard Judge Duggins' tapes. The judge was the machine operator and the custodian of the tapes. The tape loss was an irregularity dehors the record and as such fell within the purview for writ of error coram nobis.

The cases cited by respondents are persuasive. The court in *Casper v. Lee*, 245 S.W.2d 182, 141 (Mo.1952), said:

[S]uch a writ ... is designed to direct to the attention of the court, in which a judgment has been rendered, errors of fact which are not apparent upon the record in the case. They must be facts which were unknown to the court and the applicant and which could not have been known to the applicant by the exercise of due diligence. *Casper v. Lee*, 245 S.W.2d 132, 141 (Mo.1952).

Finally, the court in *Lawton* held:

[G]enerally the decisions in this state indicate that where the Appellate Court found that a party had exercised due diligence in attempting to procure the transcript, and had been guilty of no laches or negligence in his efforts to procure one, and furthermore, established prejudice by his inability to obtain one, the case frequently was remanded for new trial.

*Lawton, supra*, at 220.

Therefore, the judgment of the trial court is affirmed.

All concur.